*297 F. Supp. 1350*



FILED

FEB 27 1968

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION

# THE JUDICIAL PANEL
## ON
## MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT PRIVATE CIVIL    )
TREBLE DAMAGE LITIGATION INVOLVING   )     DOCKET NO. 14
GYPSUM WALLBOARD                     )

OPINION AND ORDER TRANSFERRING MULTIDISTRICT
CIVIL ACTIONS UNDER SECTION 1407,  TITLE 28,
UNITED STATES CODE, TO THE NORTHERN DISTRICT
OF CALIFORNIA

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM


When the defendants filed their motion seeking coordinated

or consolidated pretrial proceedings there were 49 cases pending

in the above-captioned litigation, all but two of which had

been filed in the Northern District of California and had been

consolidated and assigned to the Honorable Alfonso J. Zirpoli.

The other two cases had been filed in the Eastern District of

Pennsylvania and had not been assigned to a specific judge.[1]

After we had ordered a hearing on the motion, the State of

---

[1] The cases were subsequently assigned to the Honorable E.
Mac Troutman and although a motion to dismiss the class
action was filed it has not been argued or briefed.  There is
no reason why the class action determination cannot be as
readily be made by the transferee court.  Cf. *In re Plumbing
Fixture Cases,* _____ F. Supp. _____ (Jud. Pan. Mult. Lit. 1968).

- 2 -

Indiana commenced a similar action in the Northern District
of Illinois.  The hearing order was amended on our own
initiative to include this new case.

All parties were represented at the hearing which was
held in San Francisco.2/  Counsel for the California
plaintiffs favor transfer of the three remaining cases to
the Northern District of California for coordinated or con-
solidated pretrial proceedings.  Counsel for the plaintiffs
in these three cases do not oppose the proposed transfer of
their cases to the Northern District of California.  In
substantially identical language all complaints charge a
*nationwide* price and credit conspiracy in violation of
Section 1 of the Sherman Act, 15 U.S.C. §1.  It is thus
undeniable that common questions of fact are present.
In selecting the Southern District of New York as the most
appropriate transferee court in the *protection device
litigation,* we thought it significant that 79 percent

---

2/ The Georgia Pacific Corporation, a defendant in some of
the cases, did not join with the other defendants in the
original motion nor was it represented at our hearing.  We
were advised that this defendant does not oppose the proposed
transfer.

- 3 -

of the cases were pending in that court and had been assigned
to a single judge. *In re Protection Devices and Equipment,
Etc.*, _____ F. Supp. _____ (Jud. Pan. Mult. Lit. 1968).  Here,
94 percent of the cases are pending in the Northern District
of California and have been assigned to Judge Zirpoli who has
been expertly supervising massive pretrial discovery.  We
think it manifest that the convenience of parties and witnesses
and the just and efficient conduct of all these actions will
be furthered by a transfer of the three remaining cases to
the Northern District of California.

IT IS THEREFORE ORDERED that the three cases listed
below be and the same are hereby transferred pursuant to
28 U.S.C. §1407 for coordinated or consolidated pretrial
proceedings to the Northern District of California and with
the consent of that court, heretofore filed with the Clerk
of the Panel, assigned to the Honorable Alfonso J. Zirpoli:

*Philadelphia Housing Authority v. Fibreboard Corp.,
et al.*, Pa., No. 68-2033

*City of Philadelphia and Board of Public Institution
for Dade County, Florida v. Fibreboard Corp., et al.*,
Pa., E., No. 68-2400

*The State of Indiana, etc. v. Fibreboard Corp., et al.*,
Ill., N.,  No. 69C 22.

*303 F. Supp. 510*

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 2 2 1969

PATRICIA D. WILT,
CLERK

IN RE MULTIDISTRICT PRIVATE CIVIL )
TREBLE DAMAGE LITIGATION INVOLVING )   DOCKET NO. 14
GYPSUM WALLBOARD )

OPINION AND ORDER TRANSFERRING MULTIDISTRICT
CIVIL ACTIONS UNDER SECTION 1407, TITLE 28,
UNITED STATES CODE, TO THE NORTHERN DISTRICT
OF CALIFORNIA

———————————

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

———————————

PER CURIAM

    Following a hearing in San Francisco, the Panel ordered
three cases pending in different districts transferrred to
the Northern District of California for coordinated or con-
solidated pretrial proceedings. *In re Gypsum Wallboard cases*,
___Fed. Supp.___(Jud. Pan. Mult. Lit. 1969).  At the hearing,
the Panel was informed that a related case, *Fred Roundy v.
Kaiser Gypsum Co., Inc., et al.*, had been filed in the Western
District of Washington, but since counsel for all parties
in that case had not been notified of the hearing and were not
present, the *Roundy case* was not included in the February 27,
1969 order

    C          one of the defendants subsequently provided
th            anel with a copy of the complaint filed in
              of Washington. Due to the similarities

-2-

between this complaint and others in this litigation a
*conditional transfer order* was issued transferring this case
to the Northern District of California for coordinated or
consolidated pre-trial proceedings on the  basis of the
Januray 24, 1969 hearing and for the reasons stated in the
February 27, 1969 Opinion and Order.  The execution of this
order was stayed ten days to allow any party opposing the
transfer to file notice thereof with the Clerk of the Panel.
This procedure expedites the transfer of those *tag-along cases*
which are unopposed without depriving any party of its right
to oppose the transfer, and if requested, to have a hearing
with respect to its opposition.  Before the expiration of
the ten day stay, counsel for United States Gypsum filed its
opposition to the proposed transfer and the stay was continued
"until further order of this Panel."  The plaintiff subsequently
filed its opposition to the proposed transfer and two other
defendants - Kaiser Gypsum and National Gypsum - have filed a
joint reply supporting the proposed transfer.  All parties have
indicated that they wish this matter to be decided without
oral argument  and we will do so.

Counsel for plaintiff and the counsel for defendants U.S.
Gypsum present substantially similar arguments in opposition
to the proposed transfer.  They contend the transfer of this
case to the Northern District of California is inappropriate

-3-

because (1) the status of discovery in this case is far different from that in the other cases; (2) there are legal and factual differences between this case and the other cases; and (3) this case involves different defendants than do the other cases.

Both Roundy and U.S. Gypsum contend that there are factual and legal dissimilarties between this case and the others orginally filed in or transferred to the Northern District of California. Roundy brings its action as an *excluded distributor* [1] and it may be that this case is not identical to the cases brought either by *end-users*, or by *purchasing wholesalers*. But neither the status of the plaintiff nor the legal basis for its action is conclusive on the transfer question. "The initial criteria is whether the litigation involves one or more common questions of fact." *In re Cincinnati  Air Disaster cases,*___Fed. Supp.___,___, (Jud. Pan. Mult. Lit., 1968). In at least two other cases

---

[1] The complaint charges, inter alia, a conspiracy:
    7. (b) To refuse to sell gypsum wallboard to and
           in other ways to refuse to deal with distribu-
           tors, wholesalers, and others whose activities
           would tend to introduce or increase price
           competition.
       (c) To deal exclusively with and through a small
           number of established wholesalers, thereby
           foreclosing competition in a substantial
           share of the line of commerce of gypsum wall-
           board and related products.
           . . .
       (f) To refuse to sell gypsum wallboard except on
           condition that the buyer also purchase other
           types of building materials from the seller.

-4-

the plaintiffs charge the defendants with excluding certain
distributors in the furtherance of the alleged conspiracy.[2]
In addition to the *exclusion question* which is thus common to
at least three cases, questions of fact relating to the con-
spiracy, economic conditions, and prices are common to all
these cases. Cf. *In re Antibiotic Drug cases*, 295 Fed. Supp.
1402 (Jud. Pan. Mult. Lit., 1968).

The fact that two of the defendants in this case were
not named in any other cases does not preclude transfer for
"Section 1407 is not operative only where there is multidis-
trict litigation involving common plaintiffs or defendants."
*In re Cincinnati Air Disaster cases, supra*. See also *In re
Childrens Book cases*, ___ Fed. Supp. ___ (Jud. Pan. Mult. Lit.
1969).

Discovery in the San Francisco cases was well underway
when the original three cases were transferred to the Northern
District of California and assigned to Judge Alfonso J. Zirpoli.
The transferred cases had only recently been filed and little

---

[2] The complaint in *Di-Wal Inc., et al. v. Kaiser Gypsum*
charges a conspiracy to "Eliminate Plaintiffs as distribu-
tors of Gypsum Wallboard and related products . . . " while
the complaint in *Alta Building Material, Inc. et al., v.
Fibreboard Corporation et al.* alleges a conspiracy "To
exclude gypsum wallboard distributors from substantial
access to market and eliminate competition from and between
said distributors by selling directly to contractors and
applicators . . .."

if any, discovery had occurred in the transferor courts.  This
factor played an important part in our selection of the trans-
feree court and the assignee judge.  *In re Gypsum Wallboard
cases, supra.*  See also *In re Plumbing Fixture cases,* 295 Fed.
Supp. 33, (Jud. Pan. Mult. Lit., 1968) and *In re Postage
Regulation cases,* ___ Fed. Supp. ___, (Jud. Pan. Mult. Lit, 1969).
Nor is the fact that no discovery has taken place in this case
a bar to the inclusion of this case in the San Francisco
pretrial program for the transferee court can insure that all
previous discovery is made available to new parties and can,
if necessary, allow the new parties to supplement the discovery
which has already taken place. 3/  Roundy's counsel candidly
admits he  intends to use much of the discovery emanating from the
consolidated and coordinated pretrial proceedings in the
Northern District of California.  Such use might enable
*Roundy* to get an earlier trial in Washington, but not with-
out additional discovery there which would duplicate further
discovery in the consolidated pretrial proceedings.

In sum, the statutory criteria for transfer of this
case to the Northern District of California have been satis-
fied: substantial common questions of fact exists, transfer will

---

3/ An even more recent case, *Chicago Housing Authority v.
Fibreboard,* was transferred, without objection, from the
Northern District of Illinois to the Northern District of
California on April 1, 1969 and a case was filed on April 11,
1969, in that court by the State of Oregon.  None of the parties,
to our knowledge, suggested that they will be prejudiced by
inclusion in the discovery program.

-6-

generally benefit the parties and witnesses, and the just and efficient conduct of this litigation will be furthered by the transfer.

The motion to vacate the *conditional transfer order* of March 20, 1969 is denied; the stay of that order is hereby lifted and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the Northern District of California for filing and distribution pursuant to Section 1407.

*302 F. Supp. 794*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED

JUL 3 1 1969

PATRICIA D. WILT
CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT PRIVATE CIVIL TREBLE )
DAMAGE ANTITRUST LITIGATION INVOLVING    )   DOCKET NO. 14
GYPSUM WALLBOARD                          )

OPINION AND ORDER VACATING
STAY OF EXECUTION OF TRANSFER
ORDER OF MAY 22, 1969



---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
WILLIAM H. BECKER, JOSEPH S. LORD, III, EDWIN A. ROBSON,
STANLEY A. WEIGEL, AND EDWARD WEINFELD, JUDGES OF THE PANEL.

---

PER CURIAM

On May 22, 1969 a conditional transfer order was entered transfering the case of *Ev Lutheran Good Samaritan Society et al. v. Fibreboard* from the District of Kansas to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. One of the defendants, Johns-Manville Corp., has filed an affidavit in opposition to the proposed transfer of that case insofar as it relates to that defendant. The effective date of the order of May 22, 1969 was stayed until further order of the Panel. Johns-Manville has waived a hearing and no other party has requested a hearing in connection with the opposition to the transfer of this case to the Northern District of California.

Johns-Manville opposes the transfer "on the ground that no jurisdiction has been obtained over the person of Johns-

-3-

We remand an action or separable claim prior to completed
pretrial proceedings only upon a showing of good cause.  Arizona
has not demonstrated to us that remand at this time would promote
the just and efficient conduct of this litigation.  We think the
most efficacious course to follow is to allow Judge Zirpoli to rule
on the summary judgment motion. [3/]  Indeed, Judge Zirpoli's familiarity
with this litigation affords the parties the opportunity of an
expeditious resolution of USG's motion.

IT IS THEREFORE ORDERED that Arizona's motion for remand of
its action against the United States Gypsum Company be, and the
same hereby is, DENIED.

---

[3/]     No party questions the transferee judge's authority to rule
on summary judgment motions.  See H.R. Rep. No. 1130, 90th Cong.,
2d Sess. 3 (1968); In re Antibiotic Antitrust Actions, 333 F. Supp.
299, 303 (S.D.N.Y. 1971)

- 2 -

Manville Corp. [in the District of Kansas]."  Questions involving
jurisdiction, venue, and service of process are for the court
before which the litigation is pending but we will assume,
arguendo, that service was ineffective and personal jurisdiction
over the defendant Johns-Manville Corp. is  lacking.  However
the power of the Panel to "effectuate a transfer under §1407
is not vitiated by the transferor court's lack of personal
jurisdiction over a defendant." *In re Childrens's Book Cases*
_____Fed. Supp._____ (Jud. Pan. Mult. Lit. 1969).  The transfer
of this action under §1407 will not deprive Johns-Manville of
any right which is entitled to judicial protection.  Motions
to quash service or dismiss for lack of jurisdiction are being
routinely considered by courts to which multidistrict litigation
has previously been transferred<sup>1/</sup> and we see no good reason why
Johns-Manville can not pursue its remedies following transfer.

   None of the parties to this litigation have suggested that
any of the statutory requirements for transfer under §1407 have
not been met and we are satisfied that this case should be
transferred to the Northern District of California on the basis
of the original hearing and for the reasons stated in the initial
transfer order.  *In re Gypsum Wallboard* 297 Fed. Supp. 1350 (Jud.
Pan. Mult. Lit. 1969)  The stay of the order of May 22, is hereby
lifted and the Clerk of the Panel is directed to transmit that
order forthwith to the Clerk of the Northern District of California
for filing and distribution pursuant to §1407.

FOOTNOTES

1/   For example Chief Judge Mac Swinford of the Eastern
     District of Kentucky - the assigned judge in
     the Cincinnatti air disaster cases - has ruled on
     several motions attacking the jurisdiction and
     venue of one of the transferor courts - the Western
     District of Pennsylvania. *Monkelis v. Trans World
     Airlines* ____Fed. Supp.____(June 16, 1969).

*pdh*

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -7 1972

. . . . D. HOWARD
CLERK OF THE PANEL

IN RE MULTIDISTRICT PRIVATE CIVIL TREBLE    )    DOCKET NO. 14
DAMAGE LITIGATION INVOLVING GYPSUM WALLBOARD )

State of Arizona, etc. v. United States
Gypsum Company, et al., (D. Arizona, Civil
Action No. Civ-70-169-PHX.) N.D. California,
Civil Action No. C-70 865 AJZ

OPINION AND ORDER
————————————

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S.
LORD, III*, AND STANLEY A WEIGEL, JUDGES OF THE PANEL
————————————

PER CURIAM

The State of Arizona brought an action against United States

Gypsum and other producers of gypsum wallboard and was trans-

ferred, pursuant to 28 U.S.C. §1407(a), to the Northern District

of California for coordinated or consolidated pretrial proceedings

before the Honorable Alfonso J. Zirpoli. Arizona moves the Panel

for severance of the second cause of action in its complaint and

for remand of same to the District of Arizona for separate pro-

ceedings. United States Gypsum Company, the only named defendant

in Arizona's second cause of action, opposes remand. [1]  We deny

Arizona's motion because a proper showing has not been made for

remand.

————————————

*    Although Judges Robson and Lord were not present at the
hearing, they have, with the consent of all parties, participated
in this decision.
[1]  Neither party appeared at the hearing held and each informed
the Panel that the motion could be decided on the basis of the
briefs submitted.

-2-

Arizona's complaint asserts two causes of action.  The first
alleges violations of the federal antitrust laws [2/] by United States
Gypsum Company (hereinafter "USG") and six other gypsum companies.
In its second cause of action Arizona alleges that USG has trans-
acted business in Arizona since 1942 without having qualified as
a foreign corporation as allegedly required by Arizona statutes.
Federal jurisdiction over the second cause of action is asserted
on the theory of pendent jurisdiction.

USG has filed a motion for summary judgment in the transferee
court asserting that Arizona's second cause of action fails to
state a claim upon which relief can be granted.  Judge Zirpoli
declined to hear that motion until Arizona had an opportunity to
file a motion for remand with the Panel, with the understanding
that if the Panel denied Arizona's motion he would hear USG's
motion for judgment on the pleadings at the next pretrial confer-
ence.

In support of its motion for remand, Arizona argues that
discovery underlying its second cause of action will be centered
in Arizona, that only issues involving Arizona statutory and
case law are raised and that those issues are best resolved by
the United States District Court in Arizona.  In light of USG's
motion for summary judgment, however, the motion for remand is
premature.

_____

2/    Sections 1 and 2 of the Sherman Act (15 U.S.C. §§1 and 2)